UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John Wilson, #66874,           ) | |
| ) | C/A No. 6:06-cv-1633-GRA-WMC |
| Plaintiff,           ) | |
| ) | |
| v.           ) | **ORDER** |
| ) | (Written Opinion) |
| Director McKellar, Director Ozmint,           ) | |
| Officer Manigault and his unnamed           ) | |
| partner,           ) | |
| ) | |
| Defendants.           ) | |
| _____ ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on March 12, 2007 and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action on May 30, 2006, pursuant to 42 U.S.C. § 1983.  Defendants moved for summary judgment on October 16, 2006.  An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on October 19, 2006.  Plaintiff filed a response to the motion for summary judgment on November 20, 2006, and Defendants replied on December 1, 2006.  The magistrate now recommends granting Defendants' Motion for Summary Judgment.

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This

1

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for

2

adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on March 28, 2007.

Plaintiff raises at least fourteen objections to the magistrate's Report and Recommendation. The Court will attempt to address each objection to the extent the objection relates to a specific portion of the Report and Recommendation.

Plaintiff's first objection relates to the magistrate's referral to Defendant Manigault's affidavit. In establishing the facts presented to the Court, the magistrate notes that in an affidavit Defendant Manigault "testified that he has no recollection of such an incident occurring during the Rapid Response Team's deployment at Evans between October and December 2004." Report and Recommendation, p. 2. Plaintiff objects to the affidavit on the basis that "in Sgt. Manigault's affidavit, no report was made, but this incident did occur." Objections, p. 2. Plaintiff goes on to object to the affidavit presented by Defendant Manigault, as well as other affidavits filed in this case, as Plaintiff claims the affidavits "are lies." Objections, p. 3. The Court has reviewed the affidavits to which Plaintiff objects and finds no error in the magistrate's use of these affidavits. The magistrate simply refers to Defendant Manigault's affidavit in order to set up the factual dispute presented to the Court. Further, the affidavits submitted were submitted under penalty of perjury. The Court finds no reason to doubt the truthfulness of the affidavits as written.

Plaintiff's next two objections involve the fact that "U.S. Marshall Form '285' was never served to Sgt. Manigault." Objections, p. 3. Plaintiff's objections involving

3

the service of Form 285 are outside the scope of the Report and Recommendation. Therefore, the Court will not consider these objections.

Plaintiff next objects to the magistrate judge taking "so lightly" the alleged use of racial slurs by the officers as cited in the facts section of the Report and Recommendation. The Court finds this objection without merit. The magistrate judge considered all aspects of Plaintiff's complaint in issuing a recommendation to the Court. The magistrate did not address Plaintiff's allegation of the use of racial slurs in elaborate detail, but neither time nor space in the issuance of a Report and Recommendation permit such detailed analysis of all allegations raised in the complaint.

Plaintiff further objects to the applicable law cited in the magistrate's Report and Recommendation, in that he fully complied with all discovery requests. The "Applicable Law" section in the Report and Recommendation simply sets forth the standard the Court must use in evaluating a motion for summary judgment. This section is common in all reports issued by a magistrate. This section does not address discovery issues, much less admonish Plaintiff for not complying with discovery requests. Therefore, the Court can find no basis for this objection.

Plaintiff next objects to the magistrate's assertion that he failed to present any evidence of individual action by Defendants McKellar and Ozmint. Plaintiff argues that because Defendant McKellar "has been in charge of the 'red team' for years," he should be held responsible. Objections, p. 6. Plaintiff further argues that Defendant

Ozmint is aware of the alleged violations as "one of his official duties is to protect and provide safety to the inmates of S.C.D.C." *Id.*  The Court has reviewed Plaintiff's complaint and agrees with the magistrate that Plaintiff has presented no evidence to hold either of these defendants liable under a theory of supervisory liability.

Plaintiff's objections beginning on page 6 (involving SCDC's refusal to administer a polygraph test) and continuing through the first paragraph of page 11 fail to identify specific portions of the magistrate's Report and Recommendation.  These objections involve issues not addressed by the magistrate, and thus will not be considered by this Court.

Plaintiff next objects to the magistrate judge's recommendation that this Court "decline[s] to exercise supplemental jurisdiction over any [state law] claims as it is recommended that summary judgment be granted on the federal claims." Report and Recommendation, p. 8.  Plaintiff's objection "is that the federal crime and claims I'm bringing against S.C.D.C. is [sic] hate crimes, lying to U.S. Marshall and perjury." Objections, p. 8.  The Court has attempted to construe the meaning of this objection but can find no basis for it.  The section of the Report cited by Plaintiff only explains why the magistrate judge did not reach state law issues raised in Plaintiff's complaint.  To the extent Plaintiff believes the magistrate misconstrued his federal causes of action, the Court disagrees.

Finally, Plaintiff objects to the magistrate's conclusion that the plaintiff failed to prove the elements of an Eighth Amendment claim.  The basis of Plaintiff's objection

is that the case law cited by the magistrate involving the use of *de minimus* force is incorrect because no incident report was ever issued by S.C.D.C. officials establishing that force of any kind was used.  Plaintiff argues that under S.C.D.C. guidelines, an incident report should have been written to justify a use of *de minimus* force.  Though the Court understands Plaintiff's concern, the case law cited by the magistrate proves that Plaintiff failed to meet his burden under the Eighth Amendment.  With or without an incident report, if Plaintiff cannot prove that force was used to "maliciously and sadistically . . . cause harm," *Hudson v. McMillan*, 503 U.S. 1, 7 (1992), then his Eight Amendment claim fails.

Plaintiff's final objection involves the magistrate's failure to address all of Plaintiff's claims.  This Court finds the magistrate judge correctly addressed only the federal law claims and correctly declined to exercise supplemental jurisdiction over the state law claims.  As to Plaintiff's claims involving the pain and suffering he has experienced, the Court sympathizes with Plaintiff but finds Plaintiff's mental and emotional pain were not before the Court on review of Defendants' Motion for Summary Judgment.

After considering Plaintiff's objections and the record in this case, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 26, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.